**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**District of** RHODE ISLAND

DENISE DALLAIRE
**Movant,**

**vs.**

**UNITED STATES OF AMERICA**
**Respondent.**

CASE NO: 03-22L

**MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 18 U.S.C. 3006(A)**

**COMES NOW,** movant, Denise Dallaire, pro se and respectfully moves this Honorable Court to appoint counsel to her for her Motion to Modify pursuant to 18 U.S.C. § 3582(c)(2) for the following reasons:

Where as in any situation where new found facts have to be marshaled and new arguments have to be made in the aid of the Court's sentencing decision, the Sixth Amendment requires the assistance of counsel. **See Mempa v. Rhay, 389 U.S. 128, 19 L.ED 2d 336, 88 S.Ct 254.** In, **Mempa,** the Supreme Court held that the right to counsel attaches to any critical stage of the proceedings where substantial rights of the defendant may be affected. Counsel is needed for Amendment(706)

After **United States v. Booker, 543 U.S. 220, 160 L.Ed 2d 621, 125 S.Ct 738,** and amended §1B1.10, **Mempa** requires counsel in §3582(c)(2) re-sentencings. First, there is no question that in a §3582(c)(2) proceeding, as in **Mempa,** defense counsel is necessary to aid in calculating the revised guideline range, marshal the facts and evidence that pertain to the applicable §3553(a) factors, defend against any allegation that public safety or post-sentence conduct should result in a denial of the reduction or a less reduction, and assist the defendant in presenting her motion. even if the court does not permit the movant to argue for more than a two-level reduction, she will have to marshal new-fact based arguments to use or defend against the three matters in Note 1(B) of revised §1B1.10 Thus **Mempa** requires counsel.

Second, as in **Mempa,** important rights must be raised at the §3582(c)(2) hearing or they will be lost. **See Mempa, 389 U.S. at 135.** Included are the rights to appeal the sentence imposed, and rights that must be raised, litigated and if necessary, preserved, such as the right to be re-sentenced under an advisory guideline system. Third, and closely related is the concern that, if the district court refuses to treat 1B1.10 as advisory, the defendant will once again be sentenced on the basis of facts that were not found by a jury or admitted by the defendant. **Mempa, 398 U.S. at 136-37** (the ability of defense counsel to assist defendant, and potential loss of rights assume increased significance when it is considered that, as happened in **Mempa** the eventual imposition of sentence or the prior plea of guilty is based in the alleged commission of offenses for which the accused is never tried).

Dallaire believes that defense counsel can ensure a smoother process for §3582(c)(2) re-sentencing, and that there are numerous institutional efficiencies furthered by appointed counsel, including the increased likelihood of arriving at a negotiated settlement, since the Government cannot directly negotiate with the defendant regarding the Sentencing Commissions retroactive crack amendment 706. The Department of Justice major concern was institutional burden on the courts. The best way to minimize the burden would be to appoint counsel. **See Halbert v. Michigan, 545 U.S. 605, 623 n. 6.** The absence of counsel risks constitutional error. Movant, Dallaire feels that defense counsel is needed to marshal the evidence on the 3553(a) factors.

Movant prays this Honorable Court will appoint counsel for her §3582(c)(2) motion pertaining to the retroactive amendment 706 and any other relief this Honorable Courts deems appropriate.

Respectfully submitted,

Denise Dallaire